| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Berkline/BenchCraft Holdings LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>Berkline; BenchCraft; Natural Elements; Motion Works; Silver Screen; Harris Scott | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): 75-3000921 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>One Berkline Drive<br>Morristown, TN<br><br>ZIP CODE 37815 | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Tennessee | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above).<br><br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

**Tax-Exempt Entity**
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose.
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

**Check one box:**
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D)
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D)

**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

**Check all applicable boxes**
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. a small business debtor as defined in 11 U.S.C. § 1126(b)

| **Statistical/Administrative Information** | **THIS SPACE IS FOR COURT USE ONLY** |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

**Estimated Number of Creditors**

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

**Estimated Assets**

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | **Berkline/BenchCraft Holdings LLC** |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** If more than two, attach additional sheet.)

| Location Where Filed: **None** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: **See Schedule 1 attached hereto** | Case Number: | Date Filed; |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

    ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| Voluntary Petition | Name of Debtor(s): |
| *(This page must be completed and filed in every case.)* | Berkline/BenchCraft Holdings LLC |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
  Signature of Debtor

X _____
  Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

[Check only one box]

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
  (Signature of Foreign Representative)

X _____
  (Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney***

X  *Michael R. Nestor* , V.P.
  Signature of Attorney for Debtor(s)

Robert S. Brady (No. 2847)
Michael R. Nestor (No. 3526)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801-0391
(302) 571-6600

Date May 2, 2011

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  *Keith Cooper*
  Signature of Authorized Individual

Keith Cooper
Chief Restructuring Officer

Date May 2, 2011

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## **Schedule 1 to the Voluntary Petition**

Pending Bankruptcy Cases Filed by any Spouse, Partner or Affiliate of this Debtor:

On the date hereof, each of the affiliated entities listed below (including the Debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

Berkline/BenchCraft Holdings, LLC

Berkline/BenchCraft, LLC

Berkline, LLC

BenchCraft, LLC

Blue Mountain Truck Corporation

BenchCraft International Sourcing Inc.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Berkline/BenchCraft Holdings, LLC, *et al.*,[1] | Case No. 11-_____ (____) |
| Debtors. | Joint Administration Requested |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

Berkline/BenchCraft Holdings, LLC, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above captioned cases (collectively the "**Debtors**"), filed voluntary petitions in this Court for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. This list of creditors holding the thirty (30) largest unsecured claims (the "**Top 30 List**") has been prepared on a consolidated basis, from the Debtors' books and records as of April 28, 2011. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The Top 30 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31); or (2) creditors who assert that their claims are secured by the assets of one or more of the Debtors. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation the failure of the Debtors to list any claim as contingent, unliquidated, disputed or subject to a setoff does not constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization and/or amount of any claim. The Debtors' rights with respect to all claims are hereby reserved.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Berkline/BenchCraft Holdings, LLC (0921), Berkline/BenchCraft, LLC (3917), Berkline, LLC (0898), BenchCraft, LLC (0912), Blue Mountain Trucking Corporation (5494), and BenchCraft International Sourcing, Inc. (3121). The mailing address for each of the Debtors is One Berkline Drive, Morristown, TN 37815.

| Rank | Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff [2] | Amount of claim |
|---|---|---|---|---|---|
| 1 | Zhejiang Ausen Industry Co. Ltd | Attn: John Ausen<br>Hengshan Road<br>Haining<br>Zhejiang Province, China<br>Email: *ausenjohn@yahoo.cn* | Trade | | $4,269,417.00 |
| 2 | Haining Mengnu Group Co., Ltd | Attn: James Yue<br>Longxing Road 101#<br>Economic Development Zone<br>Hainingcity, China<br>Email: *Jamesyue@mengnu.com* | Trade | | $3,885,254.00 |
| 3 | Ciar Spa | Attn: Agnese Guglielmo<br>Via V. Molaroni, 3<br>Loc. Borgo S. Maria<br>61100 Pesaro<br>Email: *agnese.guglielmo@ciar.it* | Trade | | $782,198.00 |
| 4 | Xiamen Comfort Science & Technology Group Co., Ltd. | Attn: Linda Huang<br>Technology Group<br>No.18 So. Longshan Road<br>Xiamen, China 361009<br>Email: *lindahuang@easepal.com.cn* | Trade | | $653,816.00 |
| 5 | Wal-Mart Stores, Inc. | c/o Bank of America<br>Attn: President, Officer or Managing Agent<br>P.O. Box 500787<br>Birmingham, AL 63150-0787<br>Fax: 479-204-9841 | Trade | | $492,117.00 |
| 6 | Foamex | Attn: S. Cartsens<br>P.O. Box 100324<br>Atlanta, GA 30384<br>Email: *SCarstens@foamex.com* | Trade | | $482,837.00 |

---

[2] The Debtors reserve their rights to dispute the claims on this schedule on any basis.

| Rank | Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff [2] | Amount of claim |
|---|---|---|---|---|---|
| 7 | Foamworks, Inc. | Attn: D. McGinnis<br>P.O. Box 5208<br>Cleveland, TN 37320-5208<br>Email: *d_mcginnis@bellsouth.net* | Trade | | $432,974.00 |
| 8 | Showplace | Attn: President, Officer or Managing Agent<br>HP Showplace Investors IV LLC<br>3655 Paysphere Circle<br>Chicago, IL 60674<br>Fax: 336-886-4872 | Trade | | $345,879.00 |
| 9 | Leggett & Platt, Inc. | Attn: Rob Howerton<br>P.O. Box 69<br>Cleveland, TN 37311<br>Email: *rob.howerton@leggett.com* | Trade | | $302,175.00 |
| 10 | Lakeway Container | Attn: President, Officer or Managing Agent<br>5715 Superior Drive<br>Morristown, TN 37814<br>Email: *gj@lakewaycontainer.com* | Trade | | $300,993.00 |
| 11 | Carroll Companies Inc.<br>(Carroll Leather) | Attn: J. South<br>4002 Hwy 421 South<br>Boone, NC 28607<br>Email: *jsouth@clgco.com* | Trade | | $275,474.00 |
| 12 | Leggett & Platt (Taizhou) Co. Ltd | Attn: Mirela Alic<br>Luotang Xi Rd., Economic Development Zone<br>Jizngyan City<br>Jiangsu Province, China 225500<br>Email: *mirela.alic@leggett.com* | Trade | | $274,675.00 |
| 13 | Ausen Enterprises (Shanghai) Co. | Attn: Kelly Chen<br>369 Lutong Road,<br>Liantang Ind. Park,<br>Qingpu, Shanghai, China 201715<br>Email: *kelly.chen@ausenchina.com* | Trade | | $270,179.00 |

| Rank | Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff [2] | Amount of claim |
|------|------------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------|-----------------------------------------------------------------------|----------------------------------------------------------------------------------|-----------------|
| 14 | Blue Cross Blue Shield of Alabama | Payment Processing Center<br>Attn: President, Officer or Managing Agent<br>P.O. Box 12523<br>Birmingham, AL 35202-6523<br>Fax: 205-220-5416 | Trade | | $265,544.00 |
| 15 | Haining Kareno Furniture Co., Ltd. | Attn: President, Officer or Managing Agent<br>Quingyun Haining<br>Zhejiang, China<br>Email: ckb03@kareno.com.cn | Trade | | $256,688.00 |
| 16 | Culp Inc. | Attn: President, Officer or Managing Agent<br>Culp Velvets/Prints<br>P.O. Box 2686<br>Highpoint, NC 27261-2686<br>Email: SMEast@culp.com | Trade | | $253,098.00 |
| 17 | Taizhou Chenguang Vehicle Co. | Attn: Vivian<br>Taiwan Merchant Industry Reg.<br>Taizhou City<br>Jiangsu Province, China<br>Email: vivian@cenro.com | Trade | | $252,826.00 |
| 18 | Kirkland & Ellis, LLP | Attn: Jeffrey Fine<br>300 North Lasalle Street<br>Chicago, IL 60654<br>Email: jeffrey.fine@kirkland .com | Services | | $239,535.00 |
| 19 | Penske Truck Leasing Co., L.P. | Attn: Janet Deweese<br>P. O. Box 827380<br>Philadelphia, PA 19182-7380<br>Email: janet.deweese@penske.com | Trade | | $235,786.00 |
| 20 | Zhejiang Ausen Industry Co. Ltd | Attn: John Ausen<br>Hengshan Road<br>Haining<br>Zhejiang Province, China<br>Email: lilyhong813@126.com | Trade | | $216,200.00 |

| Rank | Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[2] | Amount of claim |
|---|---|---|---|---|---|
| 21 | Morgan Fabrics | Attn: R. Williams<br>4265 Exchange Ave.<br>Los Angeles, CA 90058<br>Email: *rwilliams@morganfabrics.com* | Trade | | $215,406.00 |
| 22 | Evergreen Shipping Agency | Attn: Emily Boehmig<br>Tollway Plaza 1<br>16000 No. Dallas Pkwy., Ste 400<br>Dallas, TX 75248<br>Email: *EmilyBoehmig@evergreen-shipping.us* | Trade | | $209,942.00 |
| 23 | Whitesell Corporation-MS | Attn: President, Officer or Managing Agent<br>P.O. Box 830812<br>Birmingham, AL 35283<br>Email: dperham@whitesellcorp.com | Trade | | $203,262.00 |
| 24 | JTM Enterprises | Attn: President, Officer or Managing Agent<br>5715 Superior Drive<br>Morristown, TN 37814<br>Email: *gj@lakewaycontainer.com* | Trade | | $199,516.00 |
| 25 | Bluelinx Corporation | Attn: Terry Barry<br>P.O. Box 536455<br>Atlanta, GA 30353-6455<br>Email: *Terry.Barry@BlueLinxCo.com* | Trade | | $195,728.00 |
| 26 | Topocean Consolidation | Attn: Elaine Cheung<br>Service (SFO) Inc.<br>1350 Old Bayshore Hwy. #805<br>Burlingame, CA 94010<br>Email: *elainecheung@topocean.com* | Trade | | $186,490.00 |
| 27 | Hanes Converting Co. | Attn: Rob Howerton<br>P.O. Box 60984<br>Charlotte, NC 28260<br>Email: *rob.howerton@leggett.com* | Trade | | $180,198.00 |

| Rank | Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff [2] | Amount of claim |
|---|---|---|---|---|---|
| 28 | Hayter Printing & Die Cutting | Attn: Wayne<br>P.O. Box 1400<br>Morristown, TN 37816<br>Email: *wayne@hayterprinting.com* | Trade | | $176,243.00 |
| 29 | Haining Kasen Leather Co., Ltd | Attn: President, Officer or Managing Agent<br>Huafeng Xieqiao Haining<br>Zhejiang, China<br>Email: *ckb03@kareno.com.cn* | Trade | | $147,027.00 |
| 30 | Raffel Systems | Attn: President, Officer or Managing Agent<br>N112 W 14600 Mequon Rd.<br>Germantown, WI 53022<br>Email: *kseidl@raffel.com* | Trade | | $144,842.00 |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Berkline/BenchCraft Holdings, LLC, *et al.*,[1] | Case No. 11-_____ (_____) |
| Debtors. | Joint Administration Requested |

## DECLARATION CONCERNING THE DEBTORS' CONSOLIDATED LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

      I, Keith Cooper, Chief Restructuring Officer of Berkline/BenchCraft Holdings, LLC, a Delaware limited liability company, and an entity named as a debtor in these cases, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing Consolidated List of Creditors Holding the 30 Largest Unsecured Claims submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Date: May 2, 2011

                               Keith Cooper
                               Chief Restructuring Officer

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Berkline/BenchCraft Holdings, LLC (0921), Berkline/BenchCraft, LLC (3917), Berkline, LLC (0898), BenchCraft, LLC (0912), Blue Mountain Trucking Corporation (5494), and BenchCraft International Sourcing, Inc. (3121). The mailing address for each of the Debtors is One Berkline Drive, Morristown, TN 37815.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| Berkline/BenchCraft Holdings, LLC, | Case No. 11-_____ (_____) |
| Debtor. | Joint Administration Requested |

## LIST OF EQUITY SECURITY HOLDERS

| Name | Address | Percentage of Ownership |
|---|---|---|
| Merrill Lynch | Merrill Lynch Securities LLC<br>c/o Servicing Team TLC004<br>Independence Center<br>101 N. Tryon Street<br>Charlotte, NC 28246 | 0.67% |
| Blackrock | State Street Corp.<br>c/o Kevin Cedrocuk<br>2 Avenue de Lafayette<br>Boston, MA 02111 | 1.21% |
| Golub Capital | Golub Capital<br>551 Madison Avenue<br>New York, NY 10022 | 1.55% |
| Goldman Sachs | Goldman Sachs & Co.<br>Multi-Strategy Investing<br>85 Broad Street<br>New York, NY 10004 | 4.27% |
| Highland Capital | Restoration Funding CLO, Ltd<br>c/o Bryan Katri<br>Highland Capital<br>13455 Noel Road #1300<br>Dallas, TX 75240 | 0.74% |
| Sun Capital | SCSF BBFurniture, LLC<br>c/o Melissa Klafter<br>5200 Town Center Circle,<br>Suite 470<br>Boca Raton, FL 33486 | 91.56% |

070177.1001

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Berkline/BenchCraft Holdings, LLC, | Case No. 11-_____ (____) |
| Debtor. | Joint Administration Requested |

## DECLARATION CONCERNING THE LIST OF EQUITY SECURITY HOLDERS

I, Keith Cooper, Chief Restructuring Officer of Berkline/BenchCraft Holdings, LLC, a Delaware limited liability company, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing List of Equity Security Holders submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Date: May 2, 2011

_____
Keith Cooper
Chief Restructuring Officer

# OFFICER'S CERTIFICATE

May 2, 2011

The undersigned, the Chief Restructuring Officer of each of the following entities:

(i) Berkline/BenchCraft Holdings, LLC, a Delaware limited liability company ("Parent");
(ii) Berkline/BenchCraft, LLC, a Delaware limited liability company ("Berkline/BenchCraft");
(iii) Berkline, LLC, a Delaware limited liability company ("Berkline");
(iv) Blue Mountain Trucking Corporation, a Mississippi corporation ("Blue Mountain");
(v) BenchCraft, LLC, a Delaware limited liability company ("BenchCraft"); and
(vi) BenchCraft International Sourcing, Inc., a Delaware corporation ("BenchCraft Sourcing"),

hereby certifies that as of the date hereof:

1.      Attached hereto as <u>Exhibit A</u> is a true, correct and complete copy of the Resolutions (the "Parent Resolutions") of Parent's Board of Managers (the "Parent Board"), duly adopted by the members of the Parent Board at a meeting held on April 29, 2011, and such Resolutions remain in full force and effect and have not been amended, supplemented, restated, replaced, revoked, repealed or otherwise modified and are the only effective resolutions adopted by the Parent Board with respect to the matters referred to therein, and the Parent Resolutions are not contrary to any provisions of Parent's Certificate of Formation or its Limited Liability Company Agreement.

2.      Attached hereto as <u>Exhibit B</u> is a true, correct and complete copy of the Resolutions (the "Berkline/BenchCraft Resolutions") of Parent, Berkline/BenchCraft's sole member and manager, duly adopted by Parent on April 29, 2011, and such Resolutions remain in full force and effect and have not been amended, supplemented, restated, replaced, revoked, repealed or otherwise modified and are the only effective resolutions adopted by Parent with respect to the matters referred to therein, and the Berkline/BenchCraft Resolutions are not contrary to any provisions of Berkline/BenchCraft's Certificate of Formation or its Limited Liability Company Agreement.

3.      Attached hereto as <u>Exhibit C</u> is a true, correct and complete copy of the Resolutions (the "Berkline Resolutions") of Berkline/BenchCraft, Berkline's sole member and manager, duly adopted by Berkline/BenchCraft on April 29, 2011, and such Resolutions remain in full force and effect and have not been amended, supplemented, restated, replaced, revoked, repealed or otherwise modified and are the only effective resolutions adopted by Berkline/BenchCraft with respect to the matters referred to therein, and the Berkline Resolutions are not contrary to any provisions of Berkline's Certificate of Formation or its Limited Liability Company Agreement.

4.      Attached hereto as <u>Exhibit D</u> is a true, correct and complete copy of the Resolutions (the "Blue Mountain Resolutions") of Blue Mountain's Board of Directors (the "Blue Mountain Board"), duly adopted by the members of the Blue Mountain Board at a meeting

held on April 29, 2011, and such Resolutions remain in full force and effect and have not been amended, supplemented, restated, replaced, revoked, repealed or otherwise modified and are the only effective resolutions adopted by the Blue Mountain Board with respect to the matters referred to therein, and the Blue Mountain Resolutions are not contrary to any provisions of Blue Mountain's Articles of Incorporation or Bylaws.

5.      Attached hereto as <u>Exhibit E</u> is a true, correct and complete copy of the Resolutions (the "<u>BenchCraft Resolutions</u>") of Berkline/BenchCraft, BenchCraft's sole member and manager, duly adopted by Berkline/BenchCraft on April 29, 2011, and such Resolutions remain in full force and effect and have not been amended, supplemented, restated, replaced, revoked, repealed or otherwise modified and are the only effective resolutions adopted by Berkline/Benchcraft with respect to the matters referred to therein, and the BenchCraft Resolutions are not contrary to any provisions of BenchCraft's Certificate of Formation or its Limited Liability Company Agreement.

6.      Attached hereto as <u>Exhibit F</u> is a true, correct and complete copy of the Resolutions (the "<u>BenchCraft Sourcing Resolutions</u>") of BenchCraft Sourcing's Board of Directors (the "<u>BenchCraft Sourcing Board</u>"), duly adopted by the members of the BenchCraft Sourcing Board at a meeting held on April 29, 2011, and such Resolutions remain in full force and effect and have not been amended, supplemented, restated, replaced, revoked, repealed or otherwise modified and are the only effective resolutions adopted by the BenchCraft Sourcing Board with respect to the matters referred to therein, and the BenchCraft Sourcing Resolutions are not contrary to any provisions of BenchCraft Sourcing's Certificate of Incorporation or Bylaws.

*[Remainder of page intentionally left blank – signature page follows.]*

IN WITNESS WHEREOF, the undersigned has executed this Officer's Certificate as of the date set forth above.

BERKLINE/BENCHCRAFT HOLDINGS, LLC
BERKLINE/BENCHCRAFT, LLC
BERKLINE, LLC
BLUE MOUNTAIN TRUCKING
CORPORATION
BENCHCRAFT, LLC
BENCHCRAFT INTERNATIONAL
SOURCING, INC.

By _____
    Name: Keith Cooper
    Title: Chief Restructuring Officer

# EXHIBIT A

RESOLUTIONS

ADOPTED

BY THE

BOARD OF MANAGERS

OF

BERKLINE/BENCHCRAFT HOLDINGS, LLC

At the Meeting of the Board of Managers

on April 29, 2011

## Bankruptcy Resolutions

**WHEREAS**, it has been proposed that each of Berkline/BenchCraft Holdings, LLC (the "Company" or "Berkline") and certain of its direct and indirect subsidiaries, each of which is listed below (collectively, the "Subsidiaries"), commence an orderly liquidation of their assets and wind-down of their operations by seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"):

(i) Berkline/BenchCraft, LLC, a Delaware limited liability company;
(ii) Berkline, LLC, a Delaware limited liability company;
(iii) Blue Mountain Trucking Corporation, a Mississippi corporation;
(iv) BenchCraft, LLC, a Delaware limited liability company; and
(v) BenchCraft International Sourcing, Inc., a Delaware corporation; and

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board of Managers of the Company (the "Board"), it is desirable and in the best interest of the Company, its creditors, its equity holders and other interested parties, that the Company be, and it hereby is, authorized, empowered, and directed to file or cause to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), at such time as it is deemed necessary by the appropriate officers of the Company, a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition") and all other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 cases of the Company and the Subsidiaries (the "Chapter 11 Cases"); and

**FURTHER RESOLVED**, that the Chief Restructuring Officer ("CRO"), Chief Executive Officer and Chief Financial Officer of the Company (each, an "Authorized Officer", and collectively, the "Authorized Officers") be, and each of them, with full authority to act, hereby is, authorized, empowered, and directed (i) to execute and verify the Petition and any other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 Cases and to cause the Petition and any other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 Cases to be filed with the Bankruptcy Court and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary, in the discretion of the Authorized Officers, to effect any of the foregoing; and

**FURTHER RESOLVED**, that the Authorized Officers, and such other officers as they shall from time to time designate, be, and each of them acting alone hereby is, authorized, empowered, and directed, on behalf of and in the name of the Company, to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, objections, responses, applications, and other papers and documents necessary or desirable in connection with the Chapter 11 Cases; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the law firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and

obligations, including without limitation, filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of Morgan Lewis; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the law firm of Young, Conaway, Stargatt & Taylor, LLP ("YCST") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including without limitation, filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of YCST; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the professional firm of FTI Consulting ("FTI", and together with Morgan Lewis and YCST, the "Professionals") as CRO to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations, to report to the Board, to engage in discussions with potential purchasers for all or a portion of the Company's assets, to establish a diligence data room, if appropriate, and to implement one or more sales of any portion of, or otherwise implement the orderly liquidation of, the Company's assets, and to continue to represent the Company's interests in the remainder of the Chapter 11 Cases; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of FTI; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and empowered on behalf of, and in the name of, the Company to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, and other professionals to assist in the Chapter 11 Cases on such terms as are deemed necessary, proper or desirable; and

**FURTHER RESOLVED**, that the Company as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code be, and hereby is, authorized to borrow funds from a lender or lenders as any Authorized Officers of the Company deems appropriate, and/or to obtain the use of cash collateral in such amounts, from such lender or lenders and on such terms as may be approved by anyone or more of the Authorized Officers as reasonably necessary for the continuing conduct of the affairs of the Company and grant security interests in and liens in and upon all or substantially all of the Company 's assets as may be deemed necessary by anyone or more of the Authorized Officers in connection with such borrowings or the use of such cash collateral; and

**FURTHER RESOLVED,** that each of the Authorized Officers, and such other officers as they shall from time to time designate, be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to enter into any agreements and to take or cause to be taken any and all such further actions and to execute and deliver any and all such further instruments and documents and to pay all such expenses, costs, fees, or taxes, in each case, as in his or their judgment shall be necessary or desirable in order fully to effectuate the prompt and orderly sale or liquidation of the Company's assets and otherwise carry out the intent and accomplish the purposes of the foregoing resolutions; and

**FURTHER RESOLVED,** the Authorized Officers, and such other officers as they shall from time to time designate, are hereby authorized with full power of delegations, for and in the name and on behalf of the Company and the Subsidiaries, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and

**FURTHER RESOLVED,** that, to the extent applicable, the Board hereby consents to the taking of any action by the Subsidiaries (including without limitation the approval by the sole member and manager of Berkline/BenchCraft, LLC, Berkline, LLC and BenchCraft, LLC of resolutions similar in form and substance to the foregoing resolutions), and any authorized officer of the Subsidiaries, to make all such arrangements, to do and perform any and all such acts and things, including the preparation, execution and delivery of any petitions, schedules, lists, motions, objections, responses, applications, and other papers and documents necessary or desirable in connection with the Chapter 11 Cases, including all such officers' certificates and such other instruments and documents as they may deem appropriate, in order to effectuate fully the prompt and orderly sale or liquidation of the Company's assets and otherwise carry out the purpose and intent of the transactions described in the foregoing resolutions, including any and all actions taken heretofore and hereafter to accomplish such purposes and intents, all or singular; and

## General Resolutions

**FURTHER RESOLVED,** that the Authorized Officers and the authorized officers of the Subsidiaries (as applicable) be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company and the Subsidiaries, to make all such arrangements, to do and perform all such acts and things, and to execute and deliver all such officers' certificates and such other instruments and documents as they may deem appropriate in order to effectuate fully the purpose and intent of each and all of the foregoing resolutions, and that any and all actions taken heretofore and hereafter to accomplish such purposes and intents, all or singular, be, and they hereby are, approved, ratified, and confirmed; and

**FURTHER RESOLVED,** that the taking of any action or the execution of any instrument by an Authorized Officer in connection with the foregoing resolutions shall be conclusive of such Authorized Officer's determination that the same is necessary to serve the best interests of the Company.

********

# EXHIBIT B

RESOLUTIONS

ADOPTED

BY THE

MEMBER AND MANAGER

OF

BERKLINE/BENCHCRAFT, LLC

on April 29, 2011

## Bankruptcy Resolutions

**WHEREAS**, it has been proposed that each of Berkline/BenchCraft, LLC (the "Company") and certain of its direct and indirect subsidiaries, each of which is listed below (collectively, the "Subsidiaries"), commence an orderly liquidation of their assets and wind-down of their operations by seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"):

(i) Berkline, LLC, a Delaware limited liability company;
(ii) Blue Mountain Trucking Corporation, a Mississippi corporation;
(iii) BenchCraft, LLC, a Delaware limited liability company; and
(iv) BenchCraft International Sourcing, Inc., a Delaware corporation.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of Berkline/BenchCraft Holding, LLC, the sole member and manager of the Company (the "Member"), it is desirable and in the best interest of the Company, its creditors, its equity holders and other interested parties, that the Company be, and it hereby is, authorized, empowered, and directed to file or cause to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), at such time as it is deemed necessary by the appropriate officers of the Company, a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition") and all other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 cases of the Company and its affiliates (the "Chapter 11 Cases"); and

**FURTHER RESOLVED**, that the Chief Restructuring Officer ("CRO"), Chief Executive Officer and Chief Financial Officer of the Company (each, an "Authorized Officer", and collectively, the "Authorized Officers") be, and each of them, with full authority to act, hereby is, authorized, empowered, and directed (i) to execute and verify the Petition and any other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 Cases and to cause the Petition and any other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 Cases to be filed with the Bankruptcy Court and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary, in the discretion of the Authorized Officers, to effect any of the foregoing; and

**FURTHER RESOLVED**, that the Authorized Officers, and such other officers as they shall from time to time designate, be, and each of them acting alone hereby is, authorized, empowered, and directed, on behalf of and in the name of the Company, to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, objections, responses, applications, and other papers and documents necessary or desirable in connection with the Chapter 11 Cases; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the law firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including without limitation, filing any pleadings; and in connection

therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of Morgan Lewis; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the law firm of Young, Conaway, Stargatt & Taylor, LLP ("YCST") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including without limitation, filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of YCST; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the professional firm of FTI Consulting ("FTI", and together with Morgan Lewis and YCST, the "Professionals") as CRO to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, to report to the Member, to engage in discussions with potential purchasers for all or a portion of the Company's assets, to establish a diligence data room, if appropriate, and to implement one or more sales of any portion of, or otherwise implement the orderly liquidation of, the Company's assets, and to continue to represent the Company's interests in the remainder of the Chapter 11 Cases; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of FTI; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and empowered on behalf of, and in the name of, the Company to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, and other professionals to assist in the Chapter 11 Cases on such terms as are deemed necessary, proper or desirable; and

**FURTHER RESOLVED**, that the Company as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code be, and hereby is, authorized to borrow funds from a lender or lenders as any Authorized Officers of the Company deems appropriate, and/or to obtain the use of cash collateral in such amounts, from such lender or lenders and on such terms as may be approved by anyone or more of the Authorized Officers as reasonably necessary for the continuing conduct of the affairs of the Company and grant security interests in and liens in and upon all or substantially all of the Company's assets as may be deemed necessary by anyone or more of the Authorized Officers in connection with such borrowings or the use of such cash collateral; and

**FURTHER RESOLVED**, that each of the Authorized Officers, and such other officers as they shall from time to time designate, be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to enter into any agreements and to take or cause to be taken any and all such further actions and to execute and deliver any and all such further instruments and documents and to pay all such expenses, costs, fees, or taxes, in each case, as in his or their judgment shall be necessary or desirable in order

fully to effectuate the prompt and orderly sale or liquidation of the Company's assets and otherwise carry out the intent and accomplish the purposes of the foregoing resolutions; and

**FURTHER RESOLVED**, the Authorized Officers, and such other officers as they shall from time to time designate, are hereby authorized with full power of delegations, for and in the name and on behalf of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and

## General Resolutions

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, to make all such arrangements, to do and perform all such acts and things, and to execute and deliver all such officers' certificates and such other instruments and documents as they may deem appropriate in order to effectuate fully the purpose and intent of each and all of the foregoing resolutions, and that any and all actions taken heretofore and hereafter to accomplish such purposes and intents, all or singular, be, and they hereby are, approved, ratified, and confirmed; and

**FURTHER RESOLVED**, that the taking of any action or the execution of any instrument by an Authorized Officer in connection with the foregoing resolutions shall be conclusive of such Authorized Officer's determination that the same is necessary to serve the best interests of the Company.

********

# EXHIBIT C

RESOLUTIONS

ADOPTED

BY THE

MEMBER AND MANAGER

OF

BERKLINE, LLC

on April 29, 2011

## Bankruptcy Resolutions

**WHEREAS**, it has been proposed that Berkline, LLC (the "<u>Company</u>") commence an orderly liquidation of their assets and wind-down of their operations by seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of Berkline/BenchCraft, LLC, the sole member and manager of the Company (the "<u>Member</u>"), it is desirable and in the best interest of the Company, its creditors, its equity holders and other interested parties, that the Company be, and it hereby is, authorized, empowered, and directed to file or cause to be filed in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), at such time as it is deemed necessary by the appropriate officers of the Company, a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "<u>Petition</u>") and all other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 cases of the Company (the "<u>Chapter 11 Cases</u>"); and

**FURTHER RESOLVED**, that the Chief Restructuring Officer ("<u>CRO</u>"), Chief Executive Officer and Chief Financial Officer of the Company (each, an "<u>Authorized Officer</u>", and collectively, the "<u>Authorized Officers</u>") be, and each of them, with full authority to act, hereby is, authorized, empowered, and directed (i) to execute and verify the Petition and any other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 Cases and to cause the Petition and any other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 Cases to be filed with the Bankruptcy Court and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary, in the discretion of the Authorized Officers, to effect any of the foregoing; and

**FURTHER RESOLVED**, that the Authorized Officers, and such other officers as they shall from time to time designate, be, and each of them acting alone hereby is, authorized, empowered, and directed, on behalf of and in the name of the Company, to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, objections, responses, applications, and other papers and documents necessary or desirable in connection with the Chapter 11 Cases; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the law firm of Morgan, Lewis & Bockius LLP ("<u>Morgan Lewis</u>") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including without limitation, filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of Morgan Lewis; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the law firm of Young, Conaway, Stargatt & Taylor, LLP ("YCST") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including without limitation, filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of YCST; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the professional firm of FTI Consulting ("FTI", and together with Morgan Lewis and YCST, the "Professionals") as CRO to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations, to report to the Member, to engage in discussions with potential purchasers for all or a portion of the Company's assets, to establish a diligence data room, if appropriate, and to implement one or more sales of any portion of, or otherwise implement the orderly liquidation of, the Company's assets, and to continue to represent the Company's interests in the remainder of the Chapter 11 Cases; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of FTI; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and empowered on behalf of, and in the name of, the Company to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, and other professionals to assist in the Chapter 11 Cases on such terms as are deemed necessary, proper or desirable; and

**FURTHER RESOLVED**, that the Company as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code be, and hereby is, authorized to borrow funds from a lender or lenders as any Authorized Officers of the Company deems appropriate, and/or to obtain the use of cash collateral in such amounts, from such lender or lenders and on such terms as may be approved by anyone or more of the Authorized Officers as reasonably necessary for the continuing conduct of the affairs of the Company and grant security interests in and liens in and upon all or substantially all of the Company 's assets as may be deemed necessary by anyone or more of the Authorized Officers in connection with such borrowings or the use of such cash collateral; and

**FURTHER RESOLVED**, that each of the Authorized Officers, and such other officers as they shall from time to time designate, be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to enter into any agreements and to take or cause to be taken any and all such further actions and to execute and deliver any and all such further instruments and documents and to pay all such expenses, costs, fees, or taxes, in each case, as in his or their judgment shall be necessary or desirable in order fully to effectuate the prompt and orderly sale or liquidation of the Company's assets and otherwise carry out the intent and accomplish the purposes of the foregoing resolutions; and

**FURTHER RESOLVED**, the Authorized Officers, and such other officers as they shall from time to time designate, are hereby authorized with full power of delegations, for and in the name and on behalf of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and

## General Resolutions

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, to make all such arrangements, to do and perform all such acts and things, and to execute and deliver all such officers' certificates and such other instruments and documents as they may deem appropriate in order to effectuate fully the purpose and intent of each and all of the foregoing resolutions, and that any and all actions taken heretofore and hereafter to accomplish such purposes and intents, all or singular, be, and they hereby are, approved, ratified, and confirmed; and

**FURTHER RESOLVED**, that the taking of any action or the execution of any instrument by an Authorized Officer in connection with the foregoing resolutions shall be conclusive of such Authorized Officer's determination that the same is necessary to serve the best interests of the Company.

********

# EXHIBIT D

RESOLUTIONS

ADOPTED

BY THE

BOARD OF DIRECTORS

OF

BLUE MOUNTAIN TRUCKING CORPORATION

At the Meeting of the Board of Directors

on April 29, 2011

## Bankruptcy Resolutions

**WHEREAS**, it has been proposed that Blue Mountain Trucking Corporation (the "Company") commence an orderly liquidation of their assets and wind-down of their operations by seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board of Directors of the Company (the "Board"), it is desirable and in the best interest of the Company, its creditors, its equity holders and other interested parties, that the Company be, and it hereby is, authorized, empowered, and directed to file or cause to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), at such time as it is deemed necessary by the appropriate officers of the Company, a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition") and all other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 cases of the Company (the "Chapter 11 Cases"); and

**FURTHER RESOLVED**, that the Chief Restructuring Officer ("CRO"), Chief Executive Officer and Chief Financial Officer of the Company (each, an "Authorized Officer", and collectively, the "Authorized Officers") be, and each of them, with full authority to act, hereby is, authorized, empowered, and directed (i) to execute and verify the Petition and any other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 Cases and to cause the Petition and any other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 Cases to be filed with the Bankruptcy Court and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary, in the discretion of the Authorized Officers, to effect any of the foregoing; and

**FURTHER RESOLVED**, that the Authorized Officers, and such other officers as they shall from time to time designate, be, and each of them acting alone hereby is, authorized, empowered, and directed, on behalf of and in the name of the Company, to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, objections, responses, applications, and other papers and documents necessary or desirable in connection with the Chapter 11 Cases; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the law firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including without limitation, filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of Morgan Lewis; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the law firm of Young, Conaway, Stargatt & Taylor, LLP

("YCST") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including without limitation, filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of YCST; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the professional firm of FTI Consulting ("FTI", and together with Morgan Lewis and YCST, the "Professionals") as CRO to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations, to report to the Board, to engage in discussions with potential purchasers for all or a portion of the Company's assets, to establish a diligence data room, if appropriate, and to implement one or more sales of any portion of, or otherwise implement the orderly liquidation of, the Company's assets, and to continue to represent the Company's interests in the remainder of the Chapter 11 Cases; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of FTI; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and empowered on behalf of, and in the name of, the Company to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, and other professionals to assist in the Chapter 11 Cases on such terms as are deemed necessary, proper or desirable; and

**FURTHER RESOLVED**, that the Company as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code be, and hereby is, authorized to borrow funds from a lender or lenders as any Authorized Officers of the Company deems appropriate, and/or to obtain the use of cash collateral in such amounts, from such lender or lenders and on such terms as may be approved by anyone or more of the Authorized Officers as reasonably necessary for the continuing conduct of the affairs of the Company and grant security interests in and liens in and upon all or substantially all of the Company 's assets as may be deemed necessary by anyone or more of the Authorized Officers in connection with such borrowings or the use of such cash collateral; and

**FURTHER RESOLVED**, that each of the Authorized Officers, and such other officers as they shall from time to time designate, be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to enter into any agreements and to take or cause to be taken any and all such further actions and to execute and deliver any and all such further instruments and documents and to pay all such expenses, costs, fees, or taxes, in each case, as in his or their judgment shall be necessary or desirable in order fully to effectuate the prompt and orderly sale or liquidation of the Company's assets and otherwise carry out the intent and accomplish the purposes of the foregoing resolutions; and

**FURTHER RESOLVED**, the Authorized Officers, and such other officers as they shall from time to time designate, are hereby authorized with full power of delegations, for and in the name and on behalf of the Company, to amend, supplement, or otherwise modify

from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and

## General Resolutions

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, to make all such arrangements, to do and perform all such acts and things, and to execute and deliver all such officers' certificates and such other instruments and documents as they may deem appropriate in order to effectuate fully the purpose and intent of each and all of the foregoing resolutions, and that any and all actions taken heretofore and hereafter to accomplish such purposes and intents, all or singular, be, and they hereby are, approved, ratified, and confirmed; and

**FURTHER RESOLVED**, that the taking of any action or the execution of any instrument by an Authorized Officer in connection with the foregoing resolutions shall be conclusive of such Authorized Officer's determination that the same is necessary to serve the best interests of the Company.

********

# EXHIBIT E

RESOLUTIONS

ADOPTED

BY THE

MEMBER AND MANAGER

OF

BENCHCRAFT, LLC

on April 29, 2011

## Bankruptcy Resolutions

**WHEREAS**, it has been proposed that BenchCraft, LLC (the "Company"), and its direct subsidiary, BenchCraft International Sourcing, Inc., a Delaware corporation (the "Subsidiary"), commence an orderly liquidation of their assets and wind-down of their operations by seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of Berkline/BenchCraft, LLC, the sole member and manager of the Company (the "Member"), it is desirable and in the best interest of the Company, its creditors, its equity holders and other interested parties, that the Company be, and it hereby is, authorized, empowered, and directed to file or cause to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), at such time as it is deemed necessary by the appropriate officers of the Company, a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition") and all other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 cases of the Company (the "Chapter 11 Cases"); and

**FURTHER RESOLVED**, that the Chief Restructuring Officer ("CRO"), Chief Executive Officer and Chief Financial Officer of the Company (each, an "Authorized Officer", and collectively, the "Authorized Officers") be, and each of them, with full authority to act, hereby is, authorized, empowered, and directed (i) to execute and verify the Petition and any other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 Cases and to cause the Petition and any other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 Cases to be filed with the Bankruptcy Court and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary, in the discretion of the Authorized Officers, to effect any of the foregoing; and

**FURTHER RESOLVED**, that the Authorized Officers, and such other officers as they shall from time to time designate, be, and each of them acting alone hereby is, authorized, empowered, and directed, on behalf of and in the name of the Company, to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, objections, responses, applications, and other papers and documents necessary or desirable in connection with the Chapter 11 Cases; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the law firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including without limitation, filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of Morgan Lewis; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the law firm of Young, Conaway, Stargatt & Taylor, LLP ("YCST") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including without limitation, filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of YCST; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the professional firm of FTI Consulting ("FTI", and together with Morgan Lewis and YCST, the "Professionals") as CRO to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations, to report to the Board, to engage in discussions with potential purchasers for all or a portion of the Company's assets, to establish a diligence data room, if appropriate, and to implement one or more sales of any portion of, or otherwise implement the orderly liquidation of, the Company's assets, and to continue to represent the Company's interests in the remainder of the Chapter 11 Cases; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of FTI; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and empowered on behalf of, and in the name of, the Company to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, and other professionals to assist in the Chapter 11 Cases on such terms as are deemed necessary, proper or desirable; and

**FURTHER RESOLVED**, that the Company as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code be, and hereby is, authorized to borrow funds from a lender or lenders as any Authorized Officers of the Company deems appropriate, and/or to obtain the use of cash collateral in such amounts, from such lender or lenders and on such terms as may be approved by anyone or more of the Authorized Officers as reasonably necessary for the continuing conduct of the affairs of the Company and grant security interests in and liens in and upon all or substantially all of the Company 's assets as may be deemed necessary by anyone or more of the Authorized Officers in connection with such borrowings or the use of such cash collateral; and

**FURTHER RESOLVED**, that each of the Authorized Officers, and such other officers as they shall from time to time designate, be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to enter into any agreements and to take or cause to be taken any and all such further actions and to execute and deliver any and all such further instruments and documents and to pay all such expenses, costs, fees, or taxes, in each case, as in his or their judgment shall be necessary or desirable in order fully to effectuate the prompt and orderly sale or liquidation of the Company's assets and otherwise carry out the intent and accomplish the purposes of the foregoing resolutions; and

**FURTHER RESOLVED,** the Authorized Officers, and such other officers as they shall from time to time designate, are hereby authorized with full power of delegations, for and in the name and on behalf of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and

## General Resolutions

**FURTHER RESOLVED,** that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, to make all such arrangements, to do and perform all such acts and things, and to execute and deliver all such officers' certificates and such other instruments and documents as they may deem appropriate in order to effectuate fully the purpose and intent of each and all of the foregoing resolutions, and that any and all actions taken heretofore and hereafter to accomplish such purposes and intents, all or singular, be, and they hereby are, approved, ratified, and confirmed; and

**FURTHER RESOLVED,** that the taking of any action or the execution of any instrument by an Authorized Officer in connection with the foregoing resolutions shall be conclusive of such Authorized Officer's determination that the same is necessary to serve the best interests of the Company.

********

# EXHIBIT F

RESOLUTIONS

ADOPTED

BY THE

BOARD OF DIRECTORS

OF

BENCHCRAFT INTERNATIONAL SOURCING, INC.

At the Meeting of the Board of Directors

on April 29, 2011

**Bankruptcy Resolutions**

**WHEREAS**, it has been proposed that BenchCraft International Sourcing, Inc. (the "Company") commence an orderly liquidation of their assets and wind-down of their operations by seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board of Directors of the Company (the "Board"), it is desirable and in the best interest of the Company, its creditors, its equity holders and other interested parties, that the Company be, and it hereby is, authorized, empowered, and directed to file or cause to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), at such time as it is deemed necessary by the appropriate officers of the Company, a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition") and all other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 cases of the Company (the "Chapter 11 Cases"); and

**FURTHER RESOLVED**, that the Chief Restructuring Officer ("CRO"), Chief Executive Officer and Chief Financial Officer of the Company (each, an "Authorized Officer", and collectively, the "Authorized Officers") be, and each of them, with full authority to act, hereby is, authorized, empowered, and directed (i) to execute and verify the Petition and any other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 Cases and to cause the Petition and any other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 Cases to be filed with the Bankruptcy Court and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary, in the discretion of the Authorized Officers, to effect any of the foregoing; and

**FURTHER RESOLVED**, that the Authorized Officers, and such other officers as they shall from time to time designate, be, and each of them acting alone hereby is, authorized, empowered, and directed, on behalf of and in the name of the Company, to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, objections, responses, applications, and other papers and documents necessary or desirable in connection with the Chapter 11 Cases; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the law firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including without limitation, filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of Morgan Lewis; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the law firm of Young, Conaway, Stargatt & Taylor, LLP

("**YCST**") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including without limitation, filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of YCST; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed to employ the professional firm of FTI Consulting ("**FTI**", and together with Morgan Lewis and YCST, the "**Professionals**") as CRO to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations, to report to the Board, to engage in discussions with potential purchasers for all or a portion of the Company's assets, to establish a diligence data room, if appropriate, and to implement one or more sales of any portion of, or otherwise implement the orderly liquidation of, the Company's assets, and to continue to represent the Company's interests in the remainder of the Chapter 11 Cases; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of FTI; and

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and empowered on behalf of, and in the name of, the Company to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, and other professionals to assist in the Chapter 11 Cases on such terms as are deemed necessary, proper or desirable; and

**FURTHER RESOLVED**, that the Company as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code be, and hereby is, authorized to borrow funds from a lender or lenders as any Authorized Officers of the Company deems appropriate, and/or to obtain the use of cash collateral in such amounts, from such lender or lenders and on such terms as may be approved by anyone or more of the Authorized Officers as reasonably necessary for the continuing conduct of the affairs of the Company and grant security interests in and liens in and upon all or substantially all of the Company's assets as may be deemed necessary by anyone or more of the Authorized Officers in connection with such borrowings or the use of such cash collateral; and

**FURTHER RESOLVED**, that each of the Authorized Officers, and such other officers as they shall from time to time designate, be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to enter into any agreements and to take or cause to be taken any and all such further actions and to execute and deliver any and all such further instruments and documents and to pay all such expenses, costs, fees, or taxes, in each case, as in his or their judgment shall be necessary or desirable in order fully to effectuate the prompt and orderly sale or liquidation of the Company's assets and otherwise carry out the intent and accomplish the purposes of the foregoing resolutions; and

**FURTHER RESOLVED**, the Authorized Officers, and such other officers as they shall from time to time designate, are hereby authorized with full power of delegations, for and in the name and on behalf of the Company, to amend, supplement, or otherwise modify

from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and

## General Resolutions

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, to make all such arrangements, to do and perform all such acts and things, and to execute and deliver all such officers' certificates and such other instruments and documents as they may deem appropriate in order to effectuate fully the purpose and intent of each and all of the foregoing resolutions, and that any and all actions taken heretofore and hereafter to accomplish such purposes and intents, all or singular, be, and they hereby are, approved, ratified, and confirmed; and

**FURTHER RESOLVED**, that the taking of any action or the execution of any instrument by an Authorized Officer in connection with the foregoing resolutions shall be conclusive of such Authorized Officer's determination that the same is necessary to serve the best interests of the Company.

********