**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Berkline/BenchCraft Holdings, LLC, | ) | |
| a Delaware corporation, | ) | Case No. 11-11369 (    ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 75-3000921 | ) | |
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| Berkline/BenchCraft, LLC | ) | |
| a Delaware limited liability company, | ) | Case No. 11-11370 (    ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 03-0403917 | ) | |
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| Berkline, LLC, | ) | |
| a Delaware limited liability company, | ) | Case No. 11-11371 (    ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 75-3000898 | ) | |
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| Blue Mountain Trucking Corporation, | ) | |
| a Mississippi corporation, | ) | Case No. 11-11372 (    ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 64-0625494 | ) | |
| | ) | |

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| BenchCraft, LLC | ) |
| a Delaware limited liability company, | ) Case No. 11-11373 (     ) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 75-36000912 | ) |
| | ) |
| In re: | ) |
| | ) Chapter 11 |
| BenchCraft International Sourcing, Inc., | ) |
| a Delaware corporation, | ) Case No. 11-11374 (     ) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 56-2163121 | ) |
| | ) |

**MOTION OF THE DEBTORS AND DEBTORS-IN-POSSESSION
FOR ENTRY OF AN ORDER DIRECTING JOINT
<u>ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES</u>**

The above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") file this motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as <u>Exhibit B</u>, directing joint administration of their related chapter 11 cases. In support of this Motion, the Debtors rely on the *Declaration of Keith Cooper in Support of First Day Motions*, filed concurrently herewith (the "<u>First Day Declaration</u>"). In further support of this Motion, the Debtors respectfully state as follows:

**<u>JURISDICTION</u>**

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2

**BACKGROUND**

2.  On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' cases.

4.  The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and fully incorporated herein by reference.

**RELIEF REQUESTED**

5.  By this Motion, the Debtors seek entry of an order directing joint administration of their chapter 11 cases for procedural purposes only. The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Berkline/BenchCraft Holdings, LLC and that their chapter 11 cases be administered under a consolidated caption in the form attached hereto as Exhibit A.

6.  The Debtors also request that an entry be made on the docket of the Berkline/BenchCraft Holdings, LLC chapter 11 case that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of Berkline/BenchCraft Holdings, LLC, Berkline/BenchCraft, LLC, Berkline, LLC, Blue Mountain Trucking Corporation, BenchCraft, LLC, and BenchCraft International Sourcing, Inc. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 11-11369 (____).

YCST01:10845305.5        070177.1001

**BASIS FOR RELIEF**

7. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Berkline/BenchCraft Holdings, LLC wholly owns Berkline/BenchCraft, LLC. Berkline/BenchCraft, LLC wholly owns Berkline, LLC, Blue Mountain Trucking Corporation, and BenchCraft, LLC ("BenchCraft"). BenchCraft wholly owns BenchCraft International Sourcing, Inc. Therefore, the Debtors are "affiliates," as that term is defined in Section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested.

8. In addition, Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") provides as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

9. The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. The Debtors anticipate that numerous notices, applications, motions, other pleadings and orders in these cases will affect all of the Debtors. Joint administration will permit counsel for all parties in interest to include the

4

Debtors' respective cases in a single caption on the numerous documents that will be filed and served in these cases. Joint administration also will enable parties in interest in all of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in all of these cases.

10. In addition, the Debtors respectfully request that parties in interest be excused from including each of the Debtors' names, states of formation and incorporation, tax identification numbers and case numbers in the captions of pleadings filed in these cases. Instead, for all pleadings, the Debtors request that parties in interest be permitted and directed to use a consolidated caption, indicating that the pleading relates to the jointly administered bankruptcy cases of "Berkline/BenchCraft Holdings, LLC, *et al.*," a form of which is attached hereto as Exhibit A.

11. Because these cases involve six (6) Debtors with thousands of potential creditors, the entry of an order of joint administration will: (a) significantly reduce the volume of paper that otherwise would be filed with the Clerk of this Court, (b) render the completion of various administrative tasks less costly, and (c) minimize the number of unnecessary delays associated with the administration of separate chapter 11 cases. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 11 cases.

12. The entry of a joint administration order in multiple related cases is common and generally non-controversial in this district. *See*, e.g., *In re NEC Holdings Corp.*, Case No. 10-11890 (PJW) (Bankr. D. Del. June 11, 2010); *In re Regent Communications, Inc.*, Case No. 10-10532 (KG) (Bankr. D. Del. Mar. 2, 2010); *In re Accuride Corporation*, Case No. 09-13449

(BLS) (Bankr. D. Del. Oct. 9, 2009); *In re Dan River Holdings LLC*, Case No. 08-10726 (BLS) (Bankr. D. Del. Apr. 22, 2008); *In re Powermate Holding Corp.*, Case No. 08-10498 (KG) (Bankr. D. Del. Mar. 18, 2008); *In re Leiner Health Products Inc.*, Case No. 08-10446 (KJC) (Bankr. D. Del. Mar. 12, 2008); *In re Lillian Vernon Corporation*, Case No. 08-10323 (BLS) (Bankr. D. Del. Feb. 21, 2008).

13. For the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## **NOTICE**

14. Notice of this Motion will be given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (iii) counsel to the Agent; (iv) counsel to the Lenders; (v) counsel to the Subordinated Lenders; (vi) counsel to the holders of the Sub Notes; (vii) the Subordinated Agent, or its counsel if known; and (viii) applicable regulatory authorities. As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m).

6
YCST01:10845305.5                                                                                                              070177.1001

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B granting the relief requested in the Motion and such other and further relief as this Court deems just and proper.

Dated: Wilmington, Delaware
      May 2, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Kenneth J. Enos*
Michael R. Nestor (No. 3526)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

MORGAN LEWIS & BOCKIUS LLP
Neil E. Herman
101 Park Avenue
New York, New York 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

*Proposed Counsel for Debtors and Debtors-in-Possession*