## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Berkline/BenchCraft Holdings, LLC, et al.,[1] | Case No. 11-11369 (MFW) |
| Debtors. | Joint Administration Requested |
| | Docket Ref. No. 10 |

### INTERIM ORDER APPROVING ASSUMPTION OF AGENCY AGREEMENT PURSUANT TO SECTIONS 105, 363, 364 AND 365 OF THE BANKRUPTCY CODE

Upon consideration of the motion (the "Motion")[2] of the Debtors pursuant to sections 105(a), 361, 363, 364 and 365 of the Bankruptcy Code seeking entry of interim and final orders authorizing the assumption of the Agency Agreement dated April 26, 2011, between Berkline and its direct and indirect subsidiaries, on the one hand, and the Agent, on the other hand, a copy of which agreement is attached hereto as Exhibit 1; and upon the First Day Declaration; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A. On April 26, 2011, the Debtors and the Agent entered into the Agency Agreement.

B. The Agency Agreement was negotiated and entered into in good faith, based on arms' length negotiations, and without collusion or fraud pursuant to the bid and auction procedures attached hereto as Exhibit 2 (the "Bid and Auction Procedures"). The Agent is acting

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Berkline/BenchCraft Holdings, LLC (0921), Berkline/BenchCraft, LLC (3917), Berkline, LLC (0898), BenchCraft, LLC (0912), Blue Mountain Trucking Corporation (5494), and BenchCraft International Sourcing, Inc. (3121). The mailing address for each of the Debtors is One Berkline Drive, Morristown, TN 37815.
[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.
YCST01:11034413.2                                                                                                              070177.1001

in good faith and is entitled to the protections of sections 363(m) and (n) and 364(e) of the Bankruptcy Code, including with respect to the Assets subject to the Liquidation and the security interest granted to the Agent pursuant to the Agency Agreement and this Interim Order.

C. Time is of the essence in assuming the Agency Agreement and conducting the Liquidation without delay. The Debtors will suffer irreparable harm if the Agency Agreement is not immediately assumed and the Liquidation is not allowed to proceed uninterrupted.

D. The Debtors' decision to (i) assume the Agency Agreement (and comply with the terms thereunder including the making of any required payments), and (ii) conduct the Liquidation, is a reasonable exercise of the Debtors' sound business judgment, and is in the best interest of the Debtors, their estates, their creditors and other stakeholders. The Debtors have demonstrated sufficient business purposes and justification for the relief granted herein. Therefore, it is hereby:

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is granted as set forth herein on an interim basis, and __May 3__ [handwritten: at 9:30 a.m. (ET)], 2011 is set as the final hearing date (the "Final Hearing") to consider the approval of the relief requested in the Motion on a final basis.

2. From and including the date hereof through the Final Hearing, the Agency Agreement is approved in its entirety as modified hereby. Pursuant to section 365 of the Bankruptcy Code, the Debtors' assumption of the Agency Agreement is hereby authorized as a valid exercise of the Debtors' sound business judgment. The Debtors and the Agent are further authorized through the Final Hearing date to perform and make all payments as required by the Agency Agreement as and when due thereunder.

3. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Debtors and/or the Agent (and each of their respective officers, employees, and agents) are authorized to

conduct the Liquidation, and any actions by the Debtors and the Agent in contemplation of the Liquidation are hereby approved.

4. The Auction conducted pursuant to the Bid and Auction Procedures attached hereto as Exhibit 2, is deemed to have been conducted at arms-length and in good faith.

5. All newspapers and other advertising media in which the Liquidation may be advertised are directed to accept this Order as binding authority allowing the Debtors and/or the Agent to conduct the Liquidation, including, without limitation, advertising and promoting of the Liquidation, in accordance with the Agency Agreement and this Order.

6. Any sales conducted during the orderly Liquidation shall not be exempt from, and the Agent shall be required to comply with, laws of general applicability, including, without limitation, public health and safety, criminal, tax, labor, employment, environmental, antitrust, fair competition, traffic and consumer protection laws, including consumer laws regulating deceptive practices and false advertising (collectively, "General Laws"). Notwithstanding any other provision in this Order, no party waives any rights to argue any position with respect to whether the conduct was in compliance with this Order and/or any applicable law, or that enforcement of such applicable law is preempted by the Bankruptcy Code. Nothing in this Order shall be deemed to have made any rulings on any such issues.

7. Pursuant to section 363(f) of the Bankruptcy Code, all Assets sold through the Liquidation shall be sold free and clear of any and all interests, including, without limitation, mortgages, security interests, liens, judgments, encumbrances, and "claims" (as such term is defined in section 101(5) of the Bankruptcy Code) (collectively, "Liens"), with such Liens, if any, attaching solely to the Guaranteed Amount.

3
YCST01:11034413.2                                                                                                                  070177.1001

8. Any interested party seeking to object to the relief requested in this Motion must file and serve such objection upon counsel for the Debtors and the Agent so as to be actually received on or before seven (7) days before the Final Hearing (the "Objection Deadline").

9. Subject to the payment of the Guaranteed Amount, the Agent shall be granted a valid, binding, enforceable and perfected security interest in accordance with the terms of the Agency Agreement, without the necessity of filing any financing statements to perfect such security interests.

10. The Agent shall not be liable for any claims against the Debtors other than as expressly provided for in the Agency Agreement.

11. Except as expressly provided for in the Agency Agreement, nothing in this Order or the Agency Agreement shall constitute an assumption by the Agent of any of the Debtors' obligations relating to any of the Debtors' employees, nor shall the Agent be liable under any collective bargaining or employment agreement, or be deemed a joint or successor employer with respect to such employees.

12. The Court shall consider the Debtors' proposed payment to Great American of the Break-up Fee, in the amount of $65,000, from the Guaranteed Amount, at the Final Hearing. Objections to such relief must be filed so as to be received by proposed counsel to the Debtors on or before the Objection Deadline.

13. All of the transactions contemplated by the Agency Agreement shall be entitled to the protections under section 363(m) of the Bankruptcy Code in the event that this Order is reversed or modified on appeal.

14. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. The 14-day stay (to the extent) applicable under Bankruptcy

Rules 6004 and 6006 is hereby waived. In the absence of any person or entity obtaining a stay pending appeal, the Debtors and the Agent are authorized to take all actions necessary to implement and perform under the Agency Agreement.

15. This Court shall retain exclusive jurisdiction over any disputes arising from or relating to the interpretation or implementation of this Order.

16. The Agent is a party-in-interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to the Agency Agreement, this Order and/or the Liquidation.

17. If any of the provisions of this Order are hereafter reversed, modified, vacated or stayed or if the Final Order is not entered, such reversal, modification, vacation, stay or failure to enter the Final Order shall not in any way affect the validity or enforceability of any claim, lien, security interest and/or priority authorized, created, or granted hereby or pursuant to the Agency Agreement, and the Agent shall be entitled to all of the rights, remedies, priorities and benefits granted under section 364(e) of the Bankruptcy Code, this Order and/or the Agency Agreement. For the avoidance of doubt, the Agent shall be entitled to all of the protections under section 364(e) of the Bankruptcy Code to the extent of any monies paid or otherwise advanced by the Agent under this Order and/or the Agency Agreement.

18. If these bankruptcy cases are dismissed, converted or substantively consolidated, then neither the entry of this Order nor the dismissal, conversion or substantive consolidation of these bankruptcy cases shall affect the rights of the Agent under the Agency Agreement and this Order, and all of the Agent's rights and remedies shall remain in full force and effect as if these bankruptcy cases had not been dismissed, converted or substantively consolidated. If an order dismissing these bankruptcy cases is at any time entered, such order shall provide (in accordance

5

YCST01:11034413.2                                                                                          070177.1001

with sections 105 and 349 of the Bankruptcy Code) that (i) the claims, liens, security interests and/or priorities authorized, created, or granted hereby or pursuant to the Agency Agreement shall continue in full force and effect and shall maintain their priorities as provided in this Order and/or the Agency Agreement until all obligations of the Debtors to the Agent have been paid and satisfied in full (and that such claims, liens, security interests and/or priorities shall, notwithstanding such dismissal, remain binding on all parties in interest and (ii) the effectiveness of such order dismissing these bankruptcy cases shall not occur until sixty (60) days after it is entered to give the Agent the opportunity to perfect, to the extent that the Agent deems necessary, its security interests and liens permitted by the Agency Agreement and/or otherwise granted through this Order.

19. Section 11.2 of the Agency Agreement shall be deemed stricken from the Agency Agreement and inapplicable.

Dated: May 4, 2011

Mary F. Walrath
United States Bankruptcy Judge