# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BERKLINE/BENCHCRAFT HOLDINGS, LLC, et al.,<br><br>               Debtors.<br>---------------------------------------------------------<br>ROBERT G. ROSE and RONALD SEME on their own behalf and on behalf of all other persons similarly situated,<br><br>               Plaintiffs,<br>  v.<br><br>BERKLINE/BENCHCRAFT HOLDINGS, LLC, BERKLINE/BENCHCRAFT LLC, BERKLINE, LLC and SUN CAPITAL PARTNERS, INC.,<br><br>               Defendants. | Chapter 11<br><br>Case No. 11-11369<br>Jointly Administered<br><br><br><br><br><br><br>Adversary Proceeding No. _____<br><br>**CLASS ACTION ADVERSARY**<br>**PROCEEDING COMPLAINT** |

Plaintiffs, by and through their undersigned counsel, on their own behalf and on behalf of all other persons similarly situated against Defendants allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## NATURE OF THE ACTION

3. This is a class action for the recovery by Plaintiffs and other similarly situated employees of the Defendants of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining

Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). The Plaintiffs and the other former employees were employed by Berkline/Benchcraft Holdings, LLC, Berkline/Benchcraft, LLC and Berkline, LLC. (all three together are referred to herein as "Berkline" ) and by Sun Capital Partners, Inc. ("Sun Capital") and were terminated on or about April 5, 2011, as part of, or as the result of, a plant closing which was ordered by the Defendants. Although the Plaintiffs and the other similarly situated former employees were on the payroll of Berkline, Sun Capital was a "single employer" of the Plaintiffs and the putative class members under the WARN Act. As such, each of the Defendants are liable under the WARN Act for Defendants' failure to give the Plaintiffs and the other class members at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence, the Plaintiffs and the other members of the class are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days.

**PARTIES**

4. On May 2, 2011, Berkline filed with this Court a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

5. Plaintiff Robert G. Rose ("Rose") resides at 324 Dean Road Mooresburg, Tennessee 37811.

6. Rose was nominally employed by Berkline until his termination on or about April 5, 2011.

7. Plaintiff Ronald Seme ("Seme") resides at 1153 Bergen Parkway # 211; Evergreen, Colorado 80439.

8. Seme was nominally employed by Berkline as a sales representative until his termination on or about April 5, 2011.

9. Upon information and belief, at all relevant times, Berkline/Benchcraft Holdings, LLC, wholly owned Berkline/Benchcraft, LLC and Berkline, LLC. All three are Delaware limited liability companies. The mailing address for Berkline/Benchcraft Holdings, LLC, Berkline/Benchcraft, LLC and Berkline, LLC is One Berkline Drive, Morristown, TN 37813.

10. Berkline is headquartered at 1 Berkline Drive Morristown, Tennessee 37813.

11. Upon information and belief, at all relevant times, Defendant Sun Capital is a Florida corporation headquartered at 5200 Town Center Circle Suite 600 Boca Raton, Florida 33486

12. At all relevant times, Berkline and Sun Capital as a single employer maintained and operated a facility or facilities located at Morristown, TN (the "Facility" or "Facilities").

13. Until on or about April 5, 2011, Plaintiffs and other similarly situated employees worked at or reported to the Facility or Facilities.

14. On or about April 5, 2011, Plaintiffs and other similarly situated employees' employment was terminated as part of a plant closing defined by 29 U.S.C § 2101 (a), for which they were entitled to receive 60 days advance written notice under the WARN Act.

15. At or about the time that the Plaintiffs were discharged, Defendants discharged approximately 650 other employees who worked at or reported to the Facility or Facilities (the "Other Similarly Situated Former Employees").

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104

16. The Plaintiffs and each person they seek to represent herein, were discharged on or about April 5, 2011 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C § 2101(a)(5).

17. The Plaintiffs bring this action on their own behalves and, pursuant to the WARN Act, and Rules 7023 (a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all Other Similarly Situated Former Employees of Defendants who were terminated on or about April 5, 2011 who worked at or reported to the Facility or Facilities until their termination.

18. On information and belief, each of the Defendants participated in the decisions that led to the violation of the rights of Plaintiffs and the Other Similarly Situated Former Employees under the WARN Act.

19. On information and belief, each of the Defendants exercised direct and indirect control over the termination of the employment of Plaintiffs and the Other Similarly Situated Former Employees without the notice required by the WARN Act for which each of the Defendants are liable under the single employer provision of the WARN Act.

20. Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of each of the Other Similarly Situated Former Employees and for his or her benefit.

21. The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants, without cause on his or her part.

21. On information and belief, Sun Capital constituted a "single employer" of the Plaintiffs and Other Similarly Situated Former Employees under the WARN Act in that among other things:

4

(a) Sun Capital owned a majority interest in Berkline.

(b) Sun Capital, through its majority interest directly or indirectly controlled the board of Berkline.

(c) Sun Capital participated in the day to day operations of Berkline.

(d) Upon Sun Capital's taking a majority interest in Berkline, the President of Berkline publicly acknowledged "Sun Capital's extensive operating experience in the furniture industry" as a benefit of the relationship between Berkline and Sun Capital.

(e) Sun Capital exercised its control over Berkline's labor decisions by removing Bill Wittenburg and appointing Robert Burch as Berkline's President and CEO.

(f) Sun Capital exercised de facto control over the labor practices governing the Plaintiffs, including the decision to order the plant closing at the Facility or Facilities.

(g) Since acquiring a majority interest in Berkline, Sun Capital sent its own employees on a regular basis to the Facility or Facilities in order to manage, direct and control the operations of Berkline, including without limitation, the pricing of Berkline lines and products.

(h) Sun Capital directed the hiring and firing of Berkline employees.

(i) In or about March 2011, for its own benefit and to the detriment of Berkline, Sun Capital prevented the sale of Berkline.

(j) In or about March 2011, for its own benefit and to the detriment of Berkline, Sun Capital blocked outside financing for Berkline.

(k) Sun Capital made the decision to liquidate Berkline's assets, close Berkline's Facility or Facilities and abruptly terminate all of Berkline's employees without providing 60 days' advance written notice.

22. On or about April 5, 2011, Defendants terminated the Plaintiffs' employment as part of a plant closing which qualifies as an event for which they were entitled to receive to sixty (60) days' advance written notice under the WARN Act.

23. Defendants, as a single employer, never gave Plaintiffs the statutorily required sixty (60) days notice of a plant closing or termination in violation of the WARN Act.

24. Defendants were required by the WARN Act to give each of the Plaintiffs and the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

25. Prior to their termination, neither the Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

26. Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

### **CLASS ACTION ALLEGATIONS RULE 7023 (a) AND (b)**

27. The Plaintiffs assert this claim on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

28. Plaintiffs sue under Rule 23(a) and (b) of the Federal Rules of Civil

Procedure, on behalf of themselves, and a class of persons who worked at or reported to the Facility or Facilities and were terminated without cause on or about April 5, 2011, were terminated without cause, or were terminated without cause as the reasonably foreseeable consequence of the plant closing ordered by Defendants on or about April 5, 2011, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

29. The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable.

30. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

31. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all Class Members: all Class Members enjoyed the protection of the WARN Act; all Class Members were employees of Defendants who, prior to the terminations, worked at or reported to the Facility or Facilities; Defendants, as a single employer, terminated the employment of all the Class Members without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class Members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

32. The questions of law and fact common to the Class Members, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

33. The Plaintiffs' claims are typical of the claims of Class Members in that for each of the several acts described above the Plaintiffs are or were an injured party.

34. The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

35. The Plaintiffs have the time and resources to prosecute this action and have retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

36. The Class is so numerous as to render joinder of all members impracticable as there are approximately 650 persons who are included in the Class.

37. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

38. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. No Class Member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

40. Concentrating all the potential litigation concerning the WARN Act rights of the Class Members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class Members.

41. On information and belief, the identity of the Class Members is contained in the books and records of Defendants.

42. On information and belief, a recent residence address of each of the Class

Members is contained in the books and records of Defendants.

43. On information and belief, the rate of pay and benefits that was being paid by Defendants to each Class Member at the time of his/her termination are contained in the books and records of Defendants.

44. As a result of Defendants' violation of the WARN Act, the Plaintiffs and the Class Members have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) calendar days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

**THE CLAIM FOR RELIEF**

45. At all relevant times, the Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

46. At all relevant times, each Defendant was an "employer", as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it determined to order a plant closings at the Facility or Facilities.

47. The Defendants constituted a "single employer" of the Plaintiffs and Class members under the WARN Act.

48. On or about April 5, 2011, the Defendants ordered a "plant closing" at the Facility or Facilities, as that term is defined by 29 U.S.C. § 2101(a)(2).

49. The plant closing at the Facility or Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty (50) of Defendants' employees as well as 33% of Defendants' workforce who worked at or reported to the Facility or Facilities, excluding "part-time employees," as that term is defined by The Warn Act.

50. The Plaintiffs and each of the Class Members were discharged by the Defendants without cause on his or her part as part of or as the reasonably foreseeable result of a plant closing ordered by the Defendants at the Facility or Facilities.

51. Each of the Plaintiffs and each of the Class Members is an "affected employee" of the Defendants within the meaning of 29 U.S.C. §2101(a)(5).

52. The Defendants were required by the WARN Act to give the Plaintiffs and each of the Class Members at least 60 days advance written notice of his or her termination.

53. The Defendants failed to give the Plaintiffs and Class Members written notice that complied with the requirements of the WARN Act.

54. Each of the Plaintiffs and each of the Class Members is an "aggrieved employee" of the Defendants as that term is defined in 29 U.S.C. §2104 (a)(7).

55. The Defendants failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

56. The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiffs on their own behalves and on behalf of the Class Members demand judgment, jointly and severally, against Defendants as follows:

A. An allowed wage priority claim against the Berkline Defendant, and judgment against Sun Capital in favor of each of the Plaintiffs and Class Members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A). The first $11,950.00 of each Class member's allowed WARN Act claim against Defendant Berkline is entitled to priority status, under 11 U.S.C. § 507(a)(4), and the remainder as a general unsecured claim;

B. Certification that the Plaintiffs and the Class Members constitute a single class;

C. Appointment of the undersigned attorneys as Class Counsel;

D. Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to them for their services as such;

E. An allowed priority claim for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

F. Such other and further relief as this Court may deem just and proper.

Dated: May 5, 2011
Wilmington, Delaware

Respectfully submitted,
**MARGOLIS EDELSTEIN**

/s/ James E. Huggett
James E. Huggett (#3956)
750 Shipyard Drive, Suite 102
Wilmington, DE 19801
Telephone: (302) 888-1112
Facsimile: (302) 888-1119
jhuggett@margolisedelstein.com

-and-

**LANKENAU & MILLER, LLP**
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 423
New York, New York 10038
Telephone: (212) 581-5005
Facsimile: (212) 581-2122

-and-

**THE GARDNER FIRM, P.C.**
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
210 S. Washington Ave.
Post Office Drawer 3103
Mobile, AL 36652
Telephone: (251) 433-8100
Facsimile: (251) 433-8181

*Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice*