IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Berkline/BenchCraft Holdings, LLC, et al.,[1] | Case No. 11-11369 (MFW) |
| Debtors. | Jointly Administered |
| | Objection Deadline: May 24, 2011 at 4:00 p.m. (ET)<br>Hearing Date: June 28, 2011 at 10:30 a.m. (ET) |

## APPLICATION FOR ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO RETAIN STREAMBANK, LLC AS INTELLECTUAL PROPERTY DISPOSITION CONSULTANT *NUNC PRO TUNC* TO MAY 5, 2011

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by their undersigned counsel, hereby file this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to employ and retain Streambank, LLC ("Streambank") to provide intellectual property disposition services *nunc pro tunc* to May 5, 2011. In support of this Application, the Debtors submit the *Affidavit of David Peress in Support of Application for Order Authorizing the Debtors and Debtors in Possession to Retain Streambank as Intellectual Property Disposition Consultant Nunc Pro Tunc to May 5, 2011* (the "Peress Affidavit"), a copy of which is attached hereto as Exhibit B and incorporated by reference herein. In further support of the Application, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Berkline/BenchCraft Holdings, LLC (0921), Berkline/BenchCraft, LLC (3917), Berkline, LLC (0898), BenchCraft, LLC (0912), Blue Mountain Trucking Corporation (5494), and BenchCraft International Sourcing, Inc. (3121). The mailing address for each of the Debtors is One Berkline Drive, Morristown, TN 37815.

YCST01:11036740.1
YCST01:11054794.1

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are Sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3. On May 2, 2011 (the "Petition Date"), each of the Debtors commenced a case (collectively, the "Cases") by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

4. Additional information regarding the Debtors' history and business operations, their capital structure and primary secured indebtedness, and the events leading up to the commencement of these Cases can be found in the *Declaration of Keith Cooper in Support of First Day Motions* (the "First Day Declaration"), which is incorporated herein by reference.

## RELIEF REQUESTED

5. The Debtors seek the entry of an order, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules and Rule 2014-1 of the Local Rules, authorizing the Debtors to retain Streambank on an exclusive basis to provide intellectual property disposition services *nunc pro tunc* to May 5, 2011, pursuant to the terms and conditions

set forth in that certain letter, dated as of May 5, 2011, between the Debtors and Streambank (the "Retention Letter"), a copy of which is attached to the Peress Affidavit as Exhibit 2.[2]

### Streambank's Qualifications

6. The Debtors seek to retain Streambank as their exclusive intellectual property disposition consultant because Streambank has extensive experience in and an excellent reputation for providing high quality intellectual property disposition services to comparable companies in bankruptcy proceedings and other distressed situations. As set forth in the Peress Affidavit, Mr. Peress, one of Streambank's principals, has personally participated in the marketing and sale of intellectual property assets in a variety of other bankruptcy cases. Most recently, in March 2011, Mr. Peress was responsible for the marketing and sale of the intellectual property assets of Anchor Blue Holding Corp., including the debtor's proprietary brands, copyrights, trademarks, and designs. Additionally, Mr. Peress and the other principals of Streambank have handled the intellectual property sales for Mervyn's, Heilig Meyers, Montgomery Ward, Jacobson's Stores, KB Toys, Goody's Family Clothing, Circuit City, Whitehall Jewelers, Movie Gallery/Hollywood Video and numerous other retailers and consumer products companies -- from identifying buyers and marketing the assets to conducting the bidding auctions and negotiating the terms of sale. Mr. Peress's intellectual property disposition experience also includes the sale of the intellectual property of The Wiz, a consumer electronics retailer, when Mr. Peress was the president of the company. Mr. Peress has also provided advisory services to the unsecured creditors of Levitz Furniture and is currently the Streambank principal engaged in the sale of the intellectual property assets of Robb & Stucky, a

---

[2] Any description of the contents and terms of the Retention Letter herein is subject to the actual terms of the Retention Letter. As used herein, "Intellectual Property" shall mean all of the Debtors' trademarks, trade names, copyrights, domain names, URLs, customer data, sourcing and other data, designs and drawings, etc.

furniture chain based in Ft. Myers, Florida. In sum, Mr. Peress has over ten years of experience in the asset disposition field and over twenty years of experience advising financially distressed companies, their creditors and equity holders. During which period of time Mr. Peress has enabled estates and creditors to obtain the highest value for the debtors' intellectual property in a variety of cases and contexts.

7. The Debtors strongly believe that Streambank is highly qualified to maximize the value of the Debtors' Intellectual Property assets. Indeed, an experienced firm such as Streambank fulfills a critical need and offers unique services that will complement the debtors' other bankruptcy professionals. Streambank's resources and capabilities will greatly assist the Debtors' efforts to achieve the maximum return for creditors.

### Services to Be Provided

8. As more fully set forth in the Retention Letter and the Peress Affidavit, the Debtors propose to engage Streambank to provide the following intellectual property disposition services:[3]

> (i) <u>Collection and Securing of Intellectual Property</u>. Streambank will assist the Debtors in collecting and securing their Intellectual Property;
>
> (ii) <u>Marketing and Selling Intellectual Property</u>. Streambank will actively market the Debtors' intellectual property and, subject to court approval, conduct a sales process aimed at maximizing the value of the assets for the Debtors and its creditor constituents; and
>
> (iii) <u>Intellectual Property Transfers</u>. Streambank will assist the Debtors as may be necessary with the transfer of Intellectual Property to the buyer or buyers offering the highest consideration for such assets.

9. The Debtors reserve the right to seek to expand the services to be provided by Streambank to the Debtors in these Cases as appropriate.

---

[3] Capitalized terms used in this summary but not otherwise defined herein shall have the meanings set forth in the Retention Letter. This summary is solely for the benefit of the Court and parties in interest. To the extent that this summary and the terms of the Retention Letter are inconsistent, the terms of the Retention Letter shall control.

Streambank's services will not be duplicative of the services to be rendered by the other professionals retained in these Cases. In accordance with the terms of the Retention Letter, Streambank has agreed to work cooperatively with the other professionals retained by the Debtors in these Cases to avoid duplication of effort and maximization of value of the services to be rendered.

### Streambank's Disinterestedness

15. As more fully set forth in the Peress Affidavit, (a) Streambank is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, (b) does not hold or represent an interest adverse to the Debtors' estates and (c) has no material connection to the Debtors, their creditors, or their related parties.

16. Streambank does not hold any prepetition claim against the Debtors.

### LEGAL AUTHORITY

17. Section 327(a) of the Bankruptcy Code allows a debtor, subject to court approval, to employ and retain a "professional person" to represent or assist in carrying out the debtor's duties. 11 U.S.C. § 327(a).

18. The Debtors seek approval of the Fee Structure pursuant to Section 328(a) of the Bankruptcy Code, which states, in relevant part, that the Debtors, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Accordingly, Section 328 of the Bankruptcy Code permits the compensation of professionals on a fixed or percentage fee basis.

19. Under Bankruptcy Rule 2014(a), an application for retention shall include:

## Compensation to Streambank

10. Subject to this Court's approval, the Debtors have agreed to pay to Streambank: (i) a management fee in the amount of $25,000 upon engagement (the "Management Fee"); and (ii) a commission equal to a graduated percentage of the aggregate gross proceeds paid to the Debtors for the sale, license or other assignment of the Intellectual Property as follows:

| Gross Consideration Amount | Commission Rate |
|---|---|
| The first $500,000 | 5%[4] |
| $500,001 to $1,500,000 | 5% |
| $1,500,001 to $3,000,000 | 10% |
| Amounts over $3,000,000 | 15% |

11. In addition, Streambank will also be entitled to reimbursement by the Debtors for any reasonable out of pocket expenses incurred in connection with the marketing and disposition of the Intellectual Property, up to a maximum aggregate amount of $10,000.00.

12. The Debtors respectfully submit that the above fee structure (the "Fee Structure") is consistent with and typical of Streambank's normal and customary billing practices for comparable services for like-sized and similarly complex cases, both in and out of bankruptcy.

13. Streambank has requested, subject to the Court's approval, that the fees and expenses incurred by Streambank be treated as administrative expenses of the Debtors' Chapter 11 estates and be paid by the Debtors in accordance with the terms of the Retention Letter, without the necessity of fee applications by Streambank or otherwise complying with the monthly, quarterly or final compensation procedures applicable to professionals.

## No Duplication of Services

14. Streambank's engagement pursuant hereto will be limited to the discrete intellectual property disposition services described in the Retention Letter. As such,

---

[4] This amount shall be credited against the Management Fee.

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014. Further, Local Rule 2014-1 requires that "[a]ny entity seeking approval of a professional person pursuant to 11 U.S.C. § 327 ... shall file with the court a motion, a supporting affidavit or verified statement of the professional person and a proposed order for approval." See Del. Bankr. L.R. 2014-1(a).

20. As described above, the Debtors seek to retain Streambank as their intellectual property disposition consultant because of Streambank's extensive experience in the marketing and sale of intellectual property in comparable retail cases. The Debtors firmly believe that Streambank's retention will allow the estates to realize the highest returns on the Intellectual Property for the benefit of their creditors.

21. Streambank's Fee Structure is typical of arrangements entered into by Streambank and other intellectual property disposition firms of comparable standing in connection with the rendering of similar services to clients such as the Debtors. The Debtors and Streambank submit that the compensation structure is fair and reasonable in light of industry practice, market rates both inside and outside of Chapter 11 cases, Streambank's experience and qualifications, and the importance of the services to be rendered in these Cases.

22. Therefore, the Debtors respectfully submit that the intellectual property disposition services to be provided by Streambank are critical to the estates and request that the Court approve the terms and conditions of the Retention Letter as attached to the Peress Affidavit.

# NOTICE

23. Notice of this Motion will be given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (iii) counsel to the Agent; (iv) counsel to the Lenders; (v) counsel to the Subordinated Lenders; (vi) counsel to the holders of the Sub Notes; (vii) the Subordinated Agent, or its counsel if known; and (viii) those parties who have requested service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submits that no further notice is necessary.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Debtors to retain Streambank to provide intellectual property disposition services in accordance with the Retention Letter *nunc pro tunc* to May 5, 2011, and (b) granting such other and further relief as the Court deems just and proper.

Dated: May 10, 2011

/s/ Keith Cooper
Keith Cooper
Chief Restructuring Officer