# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Berkline/BenchCraft Holdings, LLC, et al.,[1] | Case No. 11-11369 (MFW) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. 177 |

**ORDER (I) ESTABLISHING AUCTION AND SALE PROCEDURES FOR THE SALE OF CERTAIN INTELLECTUAL PROPERTY (II) APPROVING PAYMENT OF A BREAK-UP FEE AND EXPENSE REIMBURSEMENT; (III) SCHEDULING A FINAL HEARING AUTHORIZING THE SALE OF INTELLECTUAL PROPERTY TO THE HIGHEST AND BEST BIDDER(S); AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors and possession (collectively, the "Debtors") pursuant to Sections 105(a) and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 9014, seeking, among other things, the entry of the Procedures Order (i) establishing the Sale Procedures for the Sale, on an "as is, where is" basis, of the Intellectual Property, (ii) approving the payment of a Break-Up Fee and expense reimbursement, and (iii) scheduling the Sale Hearing to consider the sale of the Intellectual Property; and a hearing having been held before the Court on July 26, 2011 to consider approval of the Motion to the extent set forth therein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the entire record in these Bankruptcy Cases; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Berkline/BenchCraft Holdings, LLC (0921), Berkline/BenchCraft, LLC (3917), Berkline, LLC (0898), BenchCraft, LLC (0912), Blue Mountain Trucking Corporation (5494), and BenchCraft International Sourcing, Inc. (3121). The mailing address for each of the Debtors is One Berkline Drive, Morristown, TN 37815.

[2] Capitalized terms not defined herein shall have the meanings provided to them in the Motion.

**FOUND AND DETERMINED THAT**:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these Bankruptcy Cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C. The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014.

D. Due and adequate notice of the Motion, the proposed Sale, the Sale Procedures, the Procedures Hearing, and the subject matter thereof has been provided to all parties-in-interest herein, and no other or further notice is necessary. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties.

E. The relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted to the extent set forth herein.

2. All objections to the Motion or relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

3. The Sale Procedures are hereby approved as follows:

   a) <u>Bid Deadline</u>: August 8, 2011 at 4:00 p.m. (EDT).

b)  <u>Qualified Bid</u>: The Debtors will require any interested bidder to submit to Streambank, the Debtors, and counsel to the Committee, by the Bid Deadline a bid (a "<u>Qualified Bid</u>," and such bidder a "<u>Qualified Bidder</u>") that meets the following requirements: (i) state that the Qualified Bidder offers to consummate the Sale pursuant to an agreement that has been marked to show amendments and modifications to the Stalking Horse Agreement, including price and terms (the "<u>Marked Purchase Agreement</u>"); (ii) confirm that the offer shall remain open and irrevocable until the closing of a Sale to the Winning Bidder or the Next Highest Bidder (as defined herein); (iii) enclose a copy of the proposed Marked Purchase Agreement that provides for cash consideration to the Debtors that is at least $80,000 greater than the cash consideration to be paid by the Stalking Horse (the "<u>Initial Overbid</u>"); (iv) the Marked Purchase Agreement must specifically identify the Intellectual Property proposed to be purchased, which may be all or a portion of the Intellectual Property; (v) be accompanied by a certified or bank check or wire transfer in an amount equal to 10% of the purchase price identified in the Marked Purchase Agreement, as a minimum good faith deposit (the "<u>Minimum Deposit</u>"), which Minimum Deposit shall be used to fund a portion of the purchase price provided for in the bid; (vi) be on terms that are not materially more burdensome or conditional than the terms of the Stalking Horse Agreement; (vii) not be conditioned on obtaining financing or the outcome of any due diligence by such Qualified Bidder; (viii) not request or entitle the Qualified Bidder to any break-up fee, expense reimbursement or similar type of payment; and (ix) fully disclose the identity of each entity that will be bidding for the Intellectual Property or otherwise participating in connection with such bid, and the complete terms of any such participation, including any affiliation with the Debtors and or their officers and directors. The Debtors agree to provide the First Lien Agent, the Second Lien Lenders and the Committee with a copy of the Marked Purchase Agreement supporting each Qualified Bid, if any, and such other information regarding each Qualified Bid as the First Lien Agent, the Second Lien Lenders or the Committee may reasonably request from time to time.

c)  <u>Auction</u>. If the Debtors receive more than one Qualified Bid for the Intellectual Property (or certain of the Intellectual Property), the Auction will take place at the office of Debtors' counsel, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware, on August 11, 2011 at 10:00 a.m. EDT, or such later time and place as the Debtors may provide so long as such change is communicated reasonably in advance by the Debtors to all bidders, and other invitees.

d)  <u>Auction Rules</u>. If an Auction is held, the following rules for its conduct will be observed: (i) only a Qualified Bidder who has submitted a Qualified Bid by the Bid Deadline will be eligible to participate at the

Auction; (ii) a minimum Qualified Bid amount for the Intellectual Property may be announced and/or posted prior to the Auction, which minimum Qualified Bid amounts may be established based upon a variety of factors, including, without limitation, the highest bids received prior to the Auction; (iii) at the Auction, Qualified Bidders will be permitted to increase their bids in minimum increments of $10,000 (the "Minimum Bid Increment"), and bidding at the Auction will continue until such time as the highest or otherwise best offer is determined in accordance with these Sale Procedures or until such Auction is adjourned by the Debtors (and reasonable notice of the time and place for the continuance of the Auction will be given to all Qualified Bidders, counsel to the Committee, counsel to the Debtors' First Lien Agent and First Lien Lenders, and counsel to the Debtors' Second Lien Lenders); (iv) immediately prior to concluding the Auction, the Debtors shall (a) review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the Sale process and the best interests of the Debtors' estates and creditors; (b) in consultation with the First Lien Agent, the Second Lien Lenders and the Committee, and subject to the rights of the First Lien Agent to consent to the Sale pursuant to Section 363(f) of the Bankruptcy Code, (1) determine and identify the highest or otherwise best Qualified Bid (the "Winning Bid") and the Winning Bidder submitting such bid and (2) determine and identify the next highest or otherwise best Qualified Bid after the Winning Bid (the "Next Highest Bid") and the Qualified Bidder submitting such bid (the "Next Highest Bidder"); and (c) have the right to reject any and all bids; (viii) the Winning Bidder shall complete and execute all agreements, instruments, or other documents evidencing and containing the terms and conditions upon which the Winning Bid was made prior to the Sale Hearing and shall increase the amount of the Minimum Deposit so that it is 10% of the Winning Bid.

e) Selection and Notice of Winning Bid. If an Auction is held, the Debtors shall be deemed to have selected the Winning Bid only where (i) such bid is declared the Winning Bid at the Auction, (ii) definitive documentation has been executed in respect thereof, and (iii) the amount of the Minimum Deposit has been increased so that it is 10% of the Winning Bid. Such acceptance is conditioned upon approval by the Bankruptcy Court of the Winning Bid and the entry of an order approving the Sale to the Winning Bidder. Following the selection of the Winning Bid, the Debtors shall promptly notify the Bankruptcy Court and parties-in-interest of the identity of the Winning Bidder(s), the amount of the Winning Bid(s), and shall include a substantially final version of the asset purchase agreement(s) executed with the Winning Bidder(s).

f) Sale Hearing and Sale Objection Deadline. The Sale Hearing will be held on August 12, 2011 at 9:30 (ET). Any and all objections to the approval of the Sale of the Intellectual Property contemplated by the Motion and this Procedures Order must (1) be in writing; (2) conform to

the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (3) be filed with the Clerk of the Bankruptcy Court for the District of Delaware; (4) be served so as to be received on or before August 8, 2011 at 4:00 p.m. (ET), by: (i) Debtors: One Berkline Drive, Morristown, TN 37815, Attn: Keith Cooper and Chuck Goad; (ii) Debtors' counsel: Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-0391, Attn: Michael Nestor, Esq. and Kenneth Enos, Esq., and Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY 10178, Attn: Neil E. Herman, Esq. and Annie C. Wells, Esq., (iii) counsel to the Prepetition First Lien Agent and First Lien Lenders: Goldberg Kohn Ltd., 55 East Monroe, Suite 3300, Chicago, IL 60603, Attn: Randall Klein, Esq.; (iv) counsel to the Second Lien Lenders: Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, Attn: James Stempel, Esq.; and (v) Committee counsel: Bernstein Law Firm, P.C., 707 Grant Street, Suite 2200 Gulf Tower, Pittsburgh, PA 15219, Attn: Robert Bernstein, Esq. and Kirk Burkley, Esq. and Thorp Reed & Armstrong, LLP, 1000 N. West Street, Suite 1200, Wilmington, DE 19801, Attn: Karen M. Grivner, Esq.

g) <u>Reservation of Rights</u>. The Debtors reserve the right to seek approval of the Sale of portions of the Intellectual Property through separate asset purchase agreements with different Winning Bidders in the event that the combination of such Sales is determined by the Debtors to obtain the highest value for the Intellectual Property; provided, however, that such determination shall be made in consultation with the First Lien Agent, the Second Lien Lenders and the Committee and shall be subject to the rights of the First Lien Agent to consent to such Sale pursuant to Section 363(f) of the Bankruptcy Code. The Debtors further reserve the right as they may reasonably determine to be in the best interests of their estates to: (i) determine which bidders are Qualified Bidders; (ii) determine which bids are Qualified Bids; (iii) determine which Qualified Bid is the highest and best proposal and which is the next highest and best proposal; provided, however, that such determination shall be made in consultation with the First Lien Agent, the Second Lien Lenders and the Committee; (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Sale Procedures or the requirements of the Bankruptcy Code, or (c) contrary to the best interests of the Debtors and their estates; (v) remove some or all of the Intellectual Property from the Auction, (vi) impose additional terms and conditions with respect to all potential bidders, (vii) extend the deadlines set forth herein, (viii) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (ix) modify the Sale Procedures (including the Initial Overbid and Minimum Bid Increment) as they may determine to be in the best interests of their estates or to withdraw the Motion at any time with or without prejudice.

4. The Debtors are authorized to pay to the Stalking Horse the Break-Up Fee and expense reimbursement, solely from the proceeds of the Sale in the event the Debtors consummate a sale of the Intellectual Property to any party other than the Stalking Horse.

5. The Debtors are further authorized to take such steps and incur such expenses as may be reasonably necessary or appropriate to effectuate the terms of the this Procedures Order.

6. The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the Sale or this Procedures Order.

Dated: Wilmington, Delaware
July 25, 2011

_____
Honorable Mary F. Walrath
United States Bankruptcy Judge